UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
RODNEY LARA,                                   Index No.: 13-CV-6684

                Plaintiff(s),            JURY TRIAL DEMANDED

-against-

THE CITY OF NEW YORK, a municipal entity; NEW      FIRST AMMENDED
YORK POLICE DEPARTMENT; POLICE OFFICER              COMPLAINT
ACOSTA, and POLICE OFFICER GOMEZ of the 33RD  ECF CASE
Precinct;

                Defendants.
---------------------------------------------------------------X

Plaintiff RODNEY LARA, by his attorney THE LAW OFFICE OF CHRISTOPHER H. FITZGERALD, complaining of the defendants, respectfully alleges the following:

## I. PRELIMINARY STATEMENT

1. Plaintiff RODNEY LARA brings this action for compensatory damages, punitive damages, and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

## II. JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the First, Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343(3) and (4) and the aforementioned statutory and constitutional provisions.

3. Plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any and all State law claims and causes of action which derive from the same nucleus of operative facts and are part of the same case or controversy that gives rise to the federally based claims and causes of action.

## III. VENUE

4. Venue is proper for the United States District Court for the Southern District of New York, pursuant to 28 U.S.C. §§ 1391(a), (b), and (c) and §

## VI. STATEMENT OF FACTS

### Bogus Ticket and complaint to IAB

15. On or about September 28, 2010, plaintiff Rodney Lara was operating his motor vehicle in a safe and legal manner on Riverside Drive in the county, city, and state of New York.

16. At approximately 3 o'clock, plaintiff was pulled over buy defendants P.O. ACOSTA and P.O. GOMEZ near the intersection of West 165th Street and Riverside Drive.

17. P.O. ACOSTA and P.O. GOMEZ issued a citation to plaintiff for alleged "disorderly conduct." This citation was summarily dismissed.

18. Plaintiff expressed his objection to P.O. ACOSTA and P.O. GOMEZ for the issuance of such a citation for behavior that was perfectly safe and legal, and expressed his intention to go through legal channels to oppose the citation.

19. Thereafter, on the same day, September 28, 2010, plaintiff went to the 33rd Precinct to express his objection to the citation, and to the behavior of P.O. ACOSTA and P.O. GOMEZ. He was told to call the Internal Affairs Bureau and log his complaint of the matter.

20. Following the directions from the precinct, plaintiff called the NYPD Internal Affairs Bureau (IAB) on September 28, 2010, and expressed his objection to the citation for disorderly conduct.

### Retaliation

21. On or about October 7, 2010, approximately one week after the issuance of the citation, plaintiff Rodney Lara, while working as the manager of the grocery store owned by his family La Mina Supermarket, located at 553 West 157th Street in the County, City and State of New York, was standing on the sidewalk in front of his place of employment conducting his normal work activities.

22. On or about 12pm on October 7, 2010, defendants P.O. ACOSTA and P.O. GOMEZ drove along West 157th Street in the vicinity of La Mina Supermarket in an attempt to harass and intimidate plaintiff in retaliation for filing a complaint with the Internal Affairs Bureau regarding their conduct on September 28, 2010.

23. Shortly thereafter, and in further retaliation for plaintiff's complaint to IAB, defendants P.O. ACOSTA and P.O. GOMEZ, exited their police vehicle and approached plaintiff.

24. Defendants P.O. ACOSTA and P.O. GOMEZ thereafter proceeded to harass, beat, batter, assault, unlawfully detain, arrest, and falsely imprison plaintiff at the aforementioned location in front of numerous co-workers and his father in retaliation for the complaint made to IAB.

25. Defendants P.O. ACOSTA and P.O. GOMEZ brutally attacked and assaulted, handcuffed, abused and arrested plaintiff without any basis, reason justification, explanation or provocation at the aforementioned location in front of numerous co-workers and his father in retaliation for the complaint made to IAB.

26. P.O. ACOSTA and P.O. GOMEZ struck plaintiff in the face, body and limbs numerous times with their fists, elbows and knees, and screamed offensive and demeaning obscenities at him.

27. As a result of this assault by P.O. ACOSTA and P.O. GOMEZ, plaintiff sustained severe injury to his head, face, limbs including his right shoulder.

28. Upon information and belief, plaintiff was placed into an NYPD cruiser and taken to the 33rd Precinct.

29. While at the 33rd Precinct, P.O. ACOSTA struck plaintiff in the face, while in handcuffs, and in plain view of the desk sergeant.

30. Despite the absence of any evidence of wrongdoing on the part of the plaintiff, P.O. ACOSTA and P.O. GOMEZ and other NYPD employees at the 33rd Precinct continued to prosecute plaintiff and proceeded to fingerprint him and take his mugshot at the precinct.

31. Plaintiff was held at the 33th Precinct for approximately 12 hours, and was deprived of food or drink during that time.

32. Plaintiff was arraigned in New York County Criminal Court on or about October 8, 2010, and charges were dismissed at arraignment.

33. It was objectively unreasonable for the defendants to arrest plaintiff on October 7, 2010, as there was no evidence that he had engaged in any unlawful conduct.

34. At no time prior to or during the encounter and/or arrest did there exist probable or otherwise legally sufficient cause to seize or arrest plaintiff, nor could the defendants have reasonably believed that such cause existed.

35. Plaintiff suffered severe, painful and debilitating injuries as a result of the assault by P.O. ACOSTA and P.O. GOMEZ, and received treatment at North Central Hospital in the Bronx, where he received x-rays to his shoulder and was placed in a sling.

36. As a result of these injuries, plaintiff was forced to miss approximately six weeks of work due to the pain in his shoulder. He further suffered

37. The pattern of intimidation and harassment has continued for years, where, most recently, on or about July of 2013, P.O. ACOSTA came into La Mina Supermarket, located at 553 West 157th Street in the County, City and State of New York, looking for a confrontation with plaintiff.

38. Plaintiff's father and mother observed P.O. ACOSTA enter the store, look around, and leave without purchasing anything.

## FIRST CLAIM FOR RELIEF
## DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. §1983

39. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

40. The Second Circuit Court of Appeals has consistently held that arresting officers must take all factors into consideration when determining probable cause, emphasizing that an officer cannot disregard "plainly exculpatory evidence" Panetta v. Crowley, 460 F. 3rd 388, 390 (2nd Cir. 2006). See also Kerman v. City of New York, 261 F. 3d 229 (2nd Cir. 2001) ("An officer contemplating an arrest is not free to disregard plainly exculpatory evidence....").

41. All of the aforementioned acts of the Defendant CITY OF NEW YORK, and the individual defendants and their agents, servants, and employees, were carried out under the color of state law.

42. All of the aforementioned acts deprived Plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eight, and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

43. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all of the actual and/or apparent authority attendant thereto.

44. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to their customs, usages,

5

practices, procedures, and the rules of the City of New York and the New York City Police Department, all under supervision of ranking officers of said department.

45. The individual defendants, and defendant CITY OF NEW YORK, collectively and individually, while acting under color of state law, engaged in Constitutionally violative conduct that constituted a custom, usage, practice, procedure, or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

46. As a result of the above constitutionally impermissible conduct, Plaintiff was caused to suffer psychological and emotional injuries, violation of his civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, and damage to his reputation and his standing within his community.

## SECOND CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. §1983

47. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

48. Plaintiff was arrested in the absence of probable cause, at the direction of, or under practices, policies or customs promulgated by the NEW YORK POLICE DEPARTMENT and CITY OF NEW YORK.

49. As a result of the aforesaid conduct by defendants, plaintiff was subjected to illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained and confined without any probable cause, privilege or consent.

50. As a result of the above constitutionally impermissible conduct, plaintiff was caused to suffer psychological and emotional injuries, violation of his civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, and damage to his reputation and his standing within his community.

51. As a result of defendants' impermissible conduct, plaintiff demands judgment against defendants in a sum of money to be determined at trial.

## THIRD CLAIM FOR RELIEF
## VIOLATION OF AND RETALIATION FOR
## THE EXERCISE OF RIGHTS AND FREE SPEECH AND ASSEMBLY UNDER
## 42 U.S.C. §1983

52. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.
53. By the actions described above, the defendants violated, and retaliated for the exercise of the free speech and assembly rights of the plaintiff. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and violated his statutory and common law rights as guaranteed by the United States Constitution, and the laws and Constitution of the State of New York.

54. The Supreme Court of the United States has consistently held that people have a 1st amendment right to verbally challenge police action. City of Houston v. Hill, 482 U.S. 451 (1987).

### FOURTH CLAIM FOR RELIEF
### FALSE ARREST, FALSE IMPRISONMENT AND EXCESSIVE FORCE UNDER STATE LAW

55. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

56. That at all times hereinafter mentioned, defendant THE CITY OF NEW YORK assumed responsibility, supervision, and authority of the NEW YORK CITY POLICE DEPARTMENT and its agents, servants and employees, and is liable to plaintiff for the acts complained of herein under the theories of vicarious liability and *respondeat superior*.

57. At the aforementioned times and locations, plaintiff was detained and held under the imprisonment and control of the defendants under false pretenses.

58. At the aforementioned times and locations, due to the negligence of the defendants, their servants, agents, employees, licensees, independent contractors and/or police officers while in the course and scope of their employment with THE CITY OF NEW YORK, and acting under authority of the NEW YORK CITY POLICE DEPARMENT, falsely arrested and imprisoned the plaintiff without warrant, authority of law or probable cause thisefore.

59. That the acts and conduct on the part of the individual defendants constituting the false arrest and false imprisonment consisted in part of the following: unlawfully and intentionally detaining and confining plaintiff against his will and without his consent; unlawfully and intentionally detaining and confining plaintiff without privilege, probable cause or valid legal process; unlawfully detaining and confining plaintiff through the unlawful arrest of

plaintiff; unlawfully detaining and confining plaintiff; unlawfully arresting plaintiff and placing his in handcuffs without reasonable cause therefore, and committing such other acts resulting in the unlawful arrest and imprisonment of plaintiff.

60. That at all times hereinafter mentioned, said arrest, confinement and restraint of liberty was not otherwise privileged.

61. That plaintiff was conscious of the confinement.

62. That as a direct, sole and proximate result of the false arrest, imprisonment, and excessive force, plaintiff was caused to and did sustain humiliation and embarrassment, emotional and mental distress, moral and mental degradation, indignity and disgrace, injury to personal reputation, inconvenience, disturbance and disruption of life, legal expenses, and loss of personal income.

63. By the actions described above, the individual and municipal defendants caused plaintiff to be falsely arrested and/or falsely imprisoned plaintiff without probable cause, without reasonable suspicion, illegally, without any proper claims, and without any right or authority to do so. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the law of the Constitution of the State of New York.

64. As a result of the above constitutionally impermissible conduct, plaintiff was caused to suffer psychological and emotional injuries, violation of his civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, and damage to his reputation and his standing within his community.

### FIFTH CLAIM FOR RELIEF ASSAULT AND BATTERY

65. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

66. By the actions stated above, the defendants did inflict assault and battery on the plaintiff. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

67. As a result of the foregoing, plaintiff was deprived of his liberty and property, was not able to work, and experienced pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## SIX CLAIM FOR RELIEF
## NEGLIGENCE

68. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.
69. Defendants negligently caused emotional distress, psychological harm, and damgage to plaintiff. The acts and conduct of the defendants were the direct and proximate cause of injury to the plaintiff and violated his statutory and common law rights as guaranteed by the laws an Constitution of the state of New York.

70. As a result of the foregoing, plaintiff was caused to suffer psychological and emotional injuries, violation of his civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, and damage to his reputation and his standing within his community.

## SEVENTH CLAIM FOR RELIEF
## NEGLIGENT INFLICTION OF EMOTIONAL HARM

71. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

72. Defendants negligently caused emotional distress and damage to the plaintiff. The acts and conduct of the defendants were the direct and proximate cause of emotional injury to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

73. As a result of the foregoing, plaintiff was caused to suffer psychological and emotional injuries, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, and damage to his reputation and his standing within his community.

## EIGHT CLAIM FOR RELIEF
## NEGLIGENT HIRING, SCREENING, RETENTION, SUPERVISION and TRAINING

74. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

75. Defendant CITY OF NEW YORK negligently hired, screened, retained, supervised, and trained the individual defendants. The acts and conduct of the defendants were the direct and proximate cause of injury to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

76. As a result of the foregoing, plaintiff was caused to suffer psychological and emotional injuries, violation of his civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, and damage to his reputation and his standing within his community.

## NINTH CLAIM FOR RELIEF
## MUNICIPAL LIABILITY UNDER MONELL ARISING FROM UNCONSTITUTIONAL POLICIES AND CUSTOMS UNDER 42 U.S.C. §1983

77. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

78. Defendants arrested and incarcerated plaintiff in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest and incarceration would jeopardize the plaintiff's liberty, well-being, safety and constitutional rights.

79. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

80. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of the CITY OF NEW YORK and the NEW YORK POLICE DEPARTMENT, all under the supervision of ranking officers of said department.

81. As a result of the aforementioned conduct of the defendant CITY OF NEW YORK, and the individual defendants, plaintiff's constitutional rights were violated.

82. As a result of the above constitutionally impermissible conduct, plaintiff was caused to suffer psychological and emotional injuries, violation of his civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, and damage to his reputation and his standing within his community.

83. As a result of the defendants' impermissible conduct, plaintiff demands judgment against defendants in a sum of money to be determined at trial.

**WHEREFORE**, plaintiff demands the following relief jointly and severally against all of the defendants:

   a. Compensatory damages;
   b. Punitive damages;
   c. The convening and empaneling of a jury to consider the merits of the claims herein;
   d. Costs and interest and attorney's fees;
   e. Such other and further relief as this court may deem appropriate and equitable.

DATED:

New York, New York
September 20, 2013

Respectfully submitted,

**The Law Office of
Christopher H. Fitzgerald**
*Counsel for Plaintiff*

_____
By: Christopher H. Fitzgerald, Esq.
(CF-1415)
233 Broadway, Suite 2348
New York, NY 10279
(646)580-3489