UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
RODNEY LARA,

                     Plaintiff,

        -against-                                  13 CV 6684 (DLC)

THE CITY OF NEW YORK, a municipal entity;
NEW YORK POLICE DEPARTMENT; POLICE
OFFICER ACOSTA, and POLICE OFFICER GOMEZ
Of the 33rd Precinct.

                     Defendants.

----------------------------------------------------------------X


**POLICE OFFICER FELIX ACOSTA'S MEMORANDUM OF LAW
IN SUPPORT OF HIS MOTION TO COMPEL THE CITY OF NEW YORK
TO REPRESENT HIM PURSUANT TO GENERAL MUNICIPAL LAW §50-k**


                                             WORTH, LONGWORTH & LONDON, LLP
                                             Attorneys for Police Officer FELIX ACOSTA
                                             111 John Street, Suite 640
                                             New York, NY 10038
                                             (212) 964-8038

*John W. Burns*
*Of Counsel*

# TABLE OF CONTENTS

                                                                                        **Page(s)**

**TABLE OF AUTHORITIES.** .................................................................................. ii

**PRELIMINARY STATEMENT** ............................................................................ 1

**JURISDICTIONAL STATEMENT** ..................................................................... 1

**PROCEDURAL HISTORY** .................................................................................. 2

**STATEMENT OF FACTS** .................................................................................... 3

       **CCRB INVESTIGATION** ............................................................................. 4

       **IAB INVESTIGATION** ................................................................................ 5

       **G.M.L.§ 50-k statutory scheme for legal**
       **Representation and the City's determination.** ........................................ 6

**STANDARD OF REVIEW** ................................................................................... 8

**ARGUMENT** ........................................................................................................... 8

**POINT I.**

       THE CITY'S DENIAL OF ACOSTA'S REQUEST
       FOR STATUTORY LEGAL REPRESENTATION
       DOES NOT PROVIDE EITHER A LEGAL OR
       FACTUAL BASIS FOR THE DENIAL, RENDERING
       IT ARBITRARY AND CAPRICIOUS. ....................................................... 8

**POINT II.**

       ACOSTA'S ACTIONS WERE PROPER AND CLEARLY
       WITHIN THE SCOPE OF HIS EMPLOYMENT. .................................. 9

**CONCLUSION** ..................................................................................................... 11

# TABLE OF AUTHORITIES

**CASES**                                                                                         **Page(s)**

Banks v. Yokemick,

    144 F. Supp. 2d 272 (S.D.N.Y. 2001). ......................................................... 3

Barnes v. Banks,

    2011 WL 4943972 (S.D.N.Y. 2011). ........................................................... 3

Blood v. Board of Educ. of the City of New York,

    120 A.D. 2d 128 (1st Dept.1986). ................................................................ 13

Jarrett v. City of New York,

    90 Civ. 0053 (PAC) (S.D.N.Y. Apr. 26, 2011). ..................................... 3, 10

Nevares v. Morrisey,

    95 Civ., 1135 (JGK), 1998 WL 295119 (S.D.N.Y. May 22, 1998). ............ 3

Riviello v. Waldron,

    47 N.Y.2d 297 (1979). ................................................................................ 13

Williams v. City of New York,

    64 N.Y.2d 800 (1985). ............................................................................... 10

Yildiz v. Police Officer Egan, et, al.,

    12 Civ. 0044 (E.D.N.Y. Feb. 3, 2014). ...................................................... 10

**STATUTES**

New York General Municipal Law § 50-k. .............................................. passim

42 U.S.C. § 1983. ................................................................................................ 8

## PRELIMINARY STATEMENT

New York City Police Officer Felix Acosta, has moved pursuant to New York State Law General Municipal Law ("G.M.L.") §50-k, for an Order compelling the Corporation Counsel for the City of New York, ("City") to assume his legal representation. The continuing denial by the City of Acosta's statutory right to legal representation, made pursuant to G.M.L. §50-k, lacks a legal and factual basis, thus rendering it arbitrary and capricious.

## JURISDICTIONAL STATEMENT

As a threshold matter, this Court has jurisdiction to determine the representation issue presented by this motion. Magistrate Judge James L. Cott provided the following analysis of the Court's jurisdiction in legal representation issues raised pursuant to G.M.L. § 50-k, in *Barnes v. Banks*, 2011 WL 4943972 (S.D.N.Y. 2011): "Several judges in this District in similar circumstances have ruled so. See, e.g. *Jarrett v. City of New York*, No. 90 Civ. 0053 (PAC) at (S.D.N.Y. Apr. 26, 2011) (unpublished order) (Crotty, J.); Banks, 144 F. Supp. 2d 277 (Marrero, J); *Nevares v. Morrisey*, No 95 Civ., 1135 (JGK), 1998 WL 295119 at *3 (S.D.N.Y. May 22, 1998) (Koetl J.). As Judge Marrero observed in *Banks*, "nothing in [General Municipal Law] §50-k or case law compels a ruling that Article 78 provides the exclusive method for City employees to establish a claim for representations or indemnification or to contest that Corporation Counsel's rejection of a demand for such relief."

Accordingly, this Court can, and, for the reasons set forth below, should entertain and decide this motion.

**PROCEDURAL HISTORY**

On September 20, 2013, Plaintiff filed his original Summons and Complaint against the City of New York and Police Officers Felix Acosta ("Acosta") and Welinton Gomez ("Gomez") (ECF No. 1) Subsequently, Plaintiff filed his First Amended Complaint, dated September 27, 2013. (ECF No.2) Upon being served with Plaintiff's First Amended Complaint, Acosta forwarded to the City a request for legal assistance ("RLA") as required under G.M.L. § 50-k. (See, Burns Decl., Exhibit "1") On or about May 1, 2014 the City, by letter, informed Acosta his RLA was denied (See, Burns Decl., Exhibit "2"). On May 30, 2014 this Court held a conference in this matter and issued a scheduling order. (ECF No.12) Additionally, the Court ordered this firm to clarify its involvement in Acosta's legal representation. By letter dated June 2, 2014 this firm advised the Court that the declination of Acosta's RLA by the City was not in accordance with G.M.L. § 50-k (ECF No. 13) Acosta has never been served with any administrative/disciplinary charges and specifications and thus had never been found to be in violation of any rule or regulation of his employer the New York City Police Department ("N.Y.P.D"). A finding by the N.Y.P.D. that a New York City Police Officer is in violation of one of its rules and regulations is an essential and necessary statutory predicate to justify the declination of legal representation by the City.

On June 3, 2014, the undersigned appeared at a conference before the Court to explain this firm's absence at the May 30, 2014 conference. The Court granted Acosta additional time to answer and informed his counsel that the challenge to the City's declination of Acosta's RLA could and should be pursued parallel to the main litigation.

The Court also required the City to produce an N.Y.P.D. Internal Affairs Bureau

("I.A.B") investigation report. The City had admitted it did not have nor was it aware of the I.A.B. investigation prior to making its initial determination to decline Acosta's RLA.

Despite the City's representation to the Court on June 20, 2014 to have produced the I.A.B. report, the correct I.A.B. report and its results were not produced to Acosta until July 21, 2014 [1](ECF No.15).

Upon receipt and review of the I.A.B. investigation, Acosta's counsel requested the City to reconsider its initial determination to decline his RLA based upon the new evidence contained in the I.A.B. report. In sum, the I.A.B. report contained new irrefutable and convincing evidence that Acosta's employer, N.Y.P.D., determined that there was insufficient evidence to bring any administrative/ disciplinary charges. Therefore, for purposes of G.M.L. §50-k, Acosta is not in violation of any N.Y.P.D. rule or regulation and is statutorily entitled to representation by the City. (See, Burns Decl., Exhibit "3") Nevertheless, despite Acosta's request for reconsideration, the City has refused to assume his defense under G.M.L. §50-k. (See Burns, Decl., Exhibit "4")

## STATEMENT OF FACTS

On October 7, 2010, Acosta and Gomez were working as N.Y.P.D. Police Officers. They were performing their duties as New York City Police Officers while in full uniform and assigned to a marked Radio Mobile Patrol ("RMP") car. At approximately 12:30 pm while in the vicinity of 553 West 157th Street Acosta and Gomez observed a van double parked in front of the La Mina Supermarket. The van was being unloaded and being supervised by Plaintiff Rodney Lara. Plaintiff approached the

---

[1] Acosta's Counsel entered the matter and interposed an Answer on his behalf without waiving Acosta's statutory right to pursue the instant motion to compel.

Officers and asked them to give him 5 minutes to finish unloading the van. The Officers agreed.

When the Officers, returned, 20 minutes later, the van was still double parked. Plaintiff began yelling and cursing at Acosta and Gomez after they issued a ticket to the van. Plaintiff also mentioned an incident that had taken place between himself and the Officers. Until that time neither Officer recognized Plaintiff as a person they had had issued a summons to a week earlier. The Officers recalled that Plaintiff was the individual to whom they issued a summons to and determined he had an outstanding bench warrant for failure to appear in Court on another unrelated incident.

Acosta and Gomez returned to 553 West 157th Street. They requested identification. Plaintiff refused to provide his identification and began to physically resist Acosta's lawful attempt to handcuff him. Acosta used reasonable and necessary physical force to overcome Plaintiff's efforts in resisting to be handcuffed.

Plaintiff was eventually arrested, taken to the 33rd Precinct and charged with resisting arrest and held on the open bench warrant. Plaintiff was arraigned at the Bronx County Criminal Court, and accepted an Adjournment in Contemplation of Dismissal to satisfy the resisting arrest charge. (The bench warrant was subsequently resolved at another Court.) Seven days after his arrest, Plaintiff went to North Central Hospital. He was treated for an alleged sprained ligament to his right shoulder. He was not treated for any injuries to his head or face.

**C.C.R.B. Investigation**:

The Civilian Complaint Review Board ("C.C.R.B.") investigated the encounter between Acosta and Plaintiff. Plaintiff provided a videotape showing a portion of the

physical encounter between himself and Acosta. The C.C.R.B. investigation found that Acosta was unjustified in punching Plaintiff in the face while he was hand cuffing him. This finding was made despite Plaintiff's admission that he was physically resisting arrest. Moreover, Plaintiff's statement to the C.C.R.B. specifically stated he was not claiming injury resulting from any punch to his face or any other physical contact with Acosta. Plaintiff unequivocally states "I was not hurt", when questioned about being punched by Acosta.

Acosta was interviewed by C.C.R.B. He admitted that his encounter with Plaintiff required him to use physical force. Acosta did tell the C.C.R.B. investigator he did not recall striking or punching Plaintiff in the face. But the C.C.R.B. never properly allowed Acosta to review the video tape that shows him physically striking the upper portion of Plaintiff's body (while Plaintiff continues to resist arrest and Acosta continues to struggle to handcuff him). Despite the C.C.R.B. investigators flawed attempt at impeaching Acosta, the C.C.R.B. determined Acosta made a false statement concerning his physical contact with Plaintiff. The C.C.R.B. lacks the jurisdiction to investigate it's own allegations of "false statements" and the matter was referred to the N.Y.P.D. Internal Affairs Bureau ("I.A.B").

**The I.A.B. Investigation:**

The I.A.B. investigation cleared Acosta of making a "false statement". The I.A.B. investigator found that the C.C.R.B. investigator had failed to sufficiently clarify and   question Acosta to establish the fact he was knowingly and intentionally making a false statement about striking or punching Plaintiff. When Acosta viewed the video tape of the incident he acknowledged that he was on the video tape and he was involved in a

5

physical struggle with Plaintiff. Acosta also stated that he did not have an independent recollection of striking Plaintiff in the upper body as it appears on the video tape.

The I.A.B. investigation into the "false statement" referral from C.C.R.B. was closed out officially as unsubstantiated, based upon several evidentiary shortcomings. In accordance with N.Y.P.D. procedures, I.A.B. forwarded the C.C.R.B. finding "…that Acosta unjustifiably punched Plaintiff in the face while being handcuffed…" to the N.Y.P.D. Department Advocates Office ("D.A.O"). The D.A.O. is the sole prosecutorial body within the N.Y.P.D. and makes the ultimate and final decision as to whether an Officer will be charged and disciplined for violating a rule or regulation of the agency. After a complete review of the C.C.R.B. investigation and its finding, an attorney in the D.A.O. found there was insufficient evidence to bring any administrative/ disciplinary charges. The disciplinary investigation and process was closed.(See, Burns Dec. Exhibit"3", Exhibit "A" attached thereto)

**G.M.L.§ 50-k statutory scheme for legal representation and the City's determination.**

G.M.L. § 50-k was enacted to require the City to provide legal representation and indemnification for its employees when an employee is the subject of a civil suit in either state or federal court, including claims under 42 U.S.C. §1983.

For the purpose of this motion the following portions of G.M.L. § 50-k are relevant:

General Municipal Law § 50-k (2) requires the City to:

> "At the request of the employee….the City shall provide for the defense of an employee of any agency in any civil action …arising out of any alleged act or omission which the corporation counsel finds occurred while the employee was acting within the scope of his public employment and in the

discharge of his duties and was not in violation of any rule or regulation of his agency at the time the alleged act or omission occurred..."

G.M.L. § 50-k (5) states the following:

"In the event that the act or omission upon which the court proceeding against the employee is based was or is also the basis of a disciplinary proceeding by the employee's agency against the employee, representation by the corporation counsel and indemnification by the city may be withheld (a) until such disciplinary proceeding has been resolved and (b) unless the resolution of the disciplinary proceeding exonerated the employee as to such act or omission."

Pursuant to the provisions of G.M.L. § 50-k (2), Acosta made a formal Request for Legal Representation ("RLA") shortly after being served by Plaintiff with the Summons and Complaint. (See, Burns, Dec. Exhibit "1")

The City declined his RLA and merely cited the statutory language of G.M.L.§ 50-k without giving a specific reason for its declination. The City's letter to Acosta simply stated:

"[G.M.L] section 50-k (2) states among other things, that the City shall provide for the defense of employee in an action 'arising out of an alleged act or omission which the Corporation Counsel finds occurred while the employee was acting within the scope of his public employment and in the discharge of his duties and was not in violation of any rule or regulation of his agency at the time the alleged act or omission occurred' We have concluded that we cannot make the requisite finding under Section 50-k(2), and, thus, we are unable to represent you at this time."

(*See*, Burns, Dec., Exhibit "2")

Thereafter, on behalf of Acosta, the undersigned began the process of challenging the City's denial of his RLA. first by attempting to find out the reason for the declination.

As set forth herein, in light of the results of the NY.P.D.'s I.A.B. investigation and the determination of the D.A.O., the City is legally required to represent Acosta.

**STANDARD OF REVIEW**

In *Williams v. City of New York,* 64 N.Y.2d 800 ( 1985) , the New York State Court of Appeals set out the standard of review to be applied when a city employee challenges the initial determination by the City under G.M.L. §50-k not to provide legal representation. The Court held that the City's determination may be set aside if it lacks a factual basis, and, accordingly, is arbitrary and capricious.

**ARGUMENT**

**POINT I**

**THE CITY'S DENIAL OF ACOSTA'S REQUEST FOR STATUTORY LEGAL REPRESENTATION DOES NOT PROVIDE EITHER A LEGAL OR FACTUAL BASIS FOR THE DENIAL, RENDERING IT ARBITRARY AND CAPRICIOUS**.

Unlike prior decisions where Courts in this Circuit have been deferential in deciding that the City's denial of an employee's RLA for statutory legal representation was neither arbitrary nor capricious (See, *Yildiz v. Police Officer Egan*, et al, No. 12 Civ.0044, (ENV) (E.D.N.Y. Feb.3,2014) (unpublished order) (Vitaliano, J.) , this case is distinguishable.

Unlike the analysis required by the Court in other cases, this Court does not need to determine whether the denial of representation is based upon a factual or legal basis, (e.g.: the duty status of the police officer, (was he on or off-duty); (*Yildz, supra*); whether the officer was in fact exonerated ( *Jarrett, supra*); whether there is a causal nexus between the allegations the N.Y.P.D. investigated and a directly related claim brought by

the plaintiff's lawsuit (*Barnes, supra*) Here, the investigation, the duty status, the scope of employment and the exoneration of Acosta have been conclusively resolved in his favor by his employer, the N.Y.P.D.

Instead of providing representation, the City relies upon the finding of the C.C.R.B, which have been considered, but rejected , by Acosta's employer, N.Y.P.D. Once C.C.R.B. forwarded its findings to N.Y.P.D., it is undisputed that N.Y.P.D. determined there was a lack of evidence to proceed with any disciplinary proceeding. C.C.R.B. is not Acosta's employer and only has legal authority to forward "Findings" to N.Y.P.D. Once forwarded, it is Acosta's employer, N.Y.P.D., that determines whether he violated any rule of the Department. Having made the finding that insufficient evidence exists, Acosta has been "exonerated" within the meaning of G.M.L.§50-k (5) and the City must provide him with legal representation.

It is well settled under §50-k, that while the initial determination to deny or grant an RLA rests with Corporation Counsel, that initial determination comes to an end when the employee is exonerated by his employer. The City must defer to the employer's determination and cannot ignore the employer, who in terms of representation, is their client.

Simply stated, here I.A.B. and the D.A.O. determined not to bring disciplinary charges. Acosta can never be charged with any violation of the N.Y.P.D.'s rules and is exonerated within the meaning of § 50-K.

## POINT II

### ACOSTA'S ACTIONS WERE PROPER AND CLEARLY WITHIN THE SCOPE OF HIS EMPLOYMENT.

Although the City is contending Acosta was either not acting within the scope of

his employment or was in violation of an N.Y.P.D. rule or regulation, the City has failed to set forth any factual basis for this determination. The City has not asserted that the N.Y.P.D. investigation was flawed or that it has any evidence contradicting N.Y.P.D.'s findings. As such, the City's given reason lacks a factual basis rendering their declination of representation arbitrary and capricious.

As stated above, §50-k, does permit the City to make the initial determination to deny or grant an RLA. However, once the employer has determined that the employees actions were within the scope of his employment and not in violation of any rule or regulation of the agency than the City must represent the employee. (See, G.M.L§50-k (2))

G.M.L.§50-k does not give the City the power to substitute its opinion for that of the employer once the pending disciplinary process is resolved and closed in favor of the employee.

The actions of Police Officers, such as Acosta, having to use physical force to overcome an individual who is physically resisting arrest , as Plaintiff did here, must be viewed as a natural and foreseeable incident of his work and thus within the scope of his employment. Acosta had no recollection of intentionally striking or punching Plaintiff in the face or head when interviewed by C.C.R.B. It was when he viewed the video tape, during the I.A.B. investigation that he observed the nature of his struggle with Plaintiff. The physical contact between Acosta and Plaintiff was clearly incidental to Acosta's lawful attempt to handcuff him as there was an open and active bench warrant and this action is within the scope of his employment. Therefore, in the absence of intentional conduct on Acosta's part, his actions can be viewed as being potentially negligent.

(See, *Blood v. Board of Educ. of the City of New York*, 120 A.D. 2d128,130 (1st Dept.1986) (citing *Riviello v. Waldron*, 47 N.Y.2d 297 ( 1979)).

> " …[T]he plain purpose of the statute is not to protect the City from its employee's negligence or even in the main to afford the City a means of preserving its defenses. To the contrary, the statute is primarily directed at saving imperfect and, therefore, fallible public employees from the potentially ruinous legal consequences following from unintentional lapses in the daily discharge of their duties. It is in this light that the Corporation Counsel's defense obligations must be viewed."

(See, *Blood, supra* at 132)

Here the City has failed to provide any legal of factual basis for denying Acosta's RLA. The City's denial of his RLA is improper as his employer, the N.Y.P.D., determined he was acting within the scope of his employment and that he did not violate any rule or regulation of the N.Y.P.D. The denial must be set aside as being arbitrary and capricious and the City should be ordered to immediately assume his defense.

## **CONCLUSION**

For the foregoing reasons, Defendant Acosta respectfully requests the Court enter an Order pursuant to General Municipal Law §50-k requiring the Corporation Counsel of the City of New York to assume representation of Acosta's for all purposes.

Dated: New York, New York
September 26, 2014

Respectfully Submitted,
Worth, Longworth & London, LLP
Attorneys for Defendant Acosta
111 John Street, Suite 640
New York, NY 10038
(212) 964-8038

By: _____/s/_____
　　John W. Burns (JB 1072)

John W. Burns
*Of Counsel*