UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

RODNEY LARA,

                              Plaintiff,

                -against-                      13 CV 6684 (DLC)

THE CITY OF NEW YORK, a municipal entity; NEW YORK POLICE DEPARTMENT; POLICE OFFICER ACOSTA, and POLICE OFFICER GOMEZ of the 33rd Precinct,

                              Defendants.

------------------------------------------------------------------------ x

## THE CITY OF NEW YORK'S MEMORANDUM OF LAW IN OPPOSITION TO OFFICERS ACOSTA AND GOMEZ'S MOTIONS TO COMPEL REPRESENTATION

# TABLE OF CONTENTS

TABLE OF AUTHORITIES……………………………………………………………..ii

PRELIMINARY STATEMENT……………………………………………………….2

STATEMENT OF FACTS……………………………………………………………..2

PROCEDURAL HISTORY……………………………………………………………4

STANDARD OF REVIEW……………………………………………………………5

ARGUMENT

    I.    THE CITY'S DENIAL OF REPRESENTATION WAS NOT
        ARBITRARY AND CAPRICIOUS……………………………………………..5

    II.   ACOSTA AND GOMEZ'S MOTION SHOULD BE DENIED
        TO AVOID A POTENTIAL CONFLICT OF INTEREST…………………..11

CONCLUSION…………………………………………………………………………13

# TABLE OF AUTHORITIES

**Cases**

Banks v. Yokemick,
144 F. Supp. 2d 272 (S.D.N.Y. 2001).................................................................. 5, 6, 9, 10, 11

Bolusi v. City of New York, et al., 249 A.D.2d 134 (1st Dep't 1998) ........................................ 6

Claudio v. Sawyer,
409 Fed. Appx. 464, 466 (2d Cir. 2011) ................................................................................ 12

Ladalia v. New York, 1993 U.S. Dist. LEXIS 8142 (E.D.N.Y. June 2, 1993) ............................. 7

Mercurio v. City,
592 F. Supp 1243, 1245 (E.D.N.Y. 1984), aff'd. 758 F.2d 862, 863 (2d Cir. 1985) ............. 6, 11

Polak v. City of Schenectady, 585 N.Y.S.2d 844 (N.Y. App. Div. 3rd Dep't 1992) ..................... 5

Pitchell v. Callan,
13 F.3d 545 (2d Cir. 1994)...................................................................................................... 11

Vitucci v. City of New York, 272 A.D.2d 620, 620-621 (2d Dep't 2000) ................................... 7

Williams v. New York,
476 N.E. 2d 317 (N.Y. 1985).................................................................................................. 5, 6

**Statutes**

N.Y. Gen. Mun. Law § 50-k(2) ....................................................................................... *in passim*

N.Y. Gen. Mun. Law § 50-k(5) ....................................................................................... *in passim*

**Rules**

DR 5-105 ..................................................................................................................................... 11

N.Y. Jud. Law (app.) Code of Prof. Resp. EC-5-15 .................................................................... 11

## PRELIMINARY STATEMENT

Defendant City of New York submits this memorandum in opposition to defendants Felix Acosta and Welinton Gomez's motions for an Order compelling the Corporation Counsel to assume their representation. Because the decisions of the Corporation Counsel under General Municipal Law § 50-k to deny representation to Acosta and Gomez had a basis in fact, they were not arbitrary or capricious. Therefore, this Court should deny Acosta and Gomez's motions to compel.

## STATEMENT OF FACTS

On October 7, 2010, at approximately 1:04 p.m., plaintiff Rodney Lara was arrested by defendant Police Officer Felix Acosta ("Acosta") for Resisting Arrest and Obstructing Governmental Administration in front of 551 West 157th Street, New York, New York.

### *CCRB Recommended That The Force Allegation Against Acosta Be Substantiated*

On October 13, 2010, plaintiff Rodney Lara filed a complaint with the Civilian Complaint Review Board ("CCRB") alleging that Acosta punched him in the face as he was being placed in handcuffs by Acosta and defendant Police Officer Welinton Gomez ("Gomez"). Beginning on October 7, 2010, a formal investigation was subsequently conducted by CCRB under Case #2010014101. (CCRB Investigative Recommendation report, annexed to Desmond Decl. as Exhibit "A", Bates Stamp Nos. D000012 to D000027). Following a full and complete investigation by CCRB investigation, it was recommended that the force allegation against Acosta be substantiated and that both Acosta and Gomez be cited for intentionally making a false official statement to CCRB. Id.

During its investigation, a video of the incident was provided to CCRB by plaintiff which "clearly shows that PO Acosta did punch Mr. Lara in the face" and that "when

PO Acosta punched Mr. Lara, PO Acosta and PO Gomez had some control of Mr. Lara, who was not moving any part of his body and appeared to simply be listening to PO Acosta." Id. at D000025; (Video of Incident provided by plaintiff to CCRB, annexed to Desmond Decl. as Exhibit "B"). Further, CCRB noted in its recommendation that "[b]ecause PO Acosta and PO Gomez could not provide an explanation to justify the punch and because Mr. Lara, who is seen in the video merely speaking to PO Acosta before he was punched, the investigation determined that PO Acosta had no reason to punch Mr. Lara at that time," in violation of New York City Patrol Guide Procedure § 203-11. (CCRB Investigative Recommendation report, annexed to Desmond Decl. as Exhibit "A", at page D000026).

In addition, CCRB determined that both Acosta and Gomez "provided false statements to the CCRB in regards to the physical force used against Mr. Lara" in violation of NYPD Patrol Guide § 203-08. Id. Specifically, CCRB found that even though the video "clearly depicted PO Acosta striking Mr. Lara in the face," it "defies logic" that Acosta "would not remember whether he punched Mr. Lara in the face" but yet was able to provide to CCRB approximately two months after the incident with "a detailed account of Mr. Lara's actions before and after he was placed under arrest, demonstrating that he had an independent recollection of this incident." Id. at D000026. Similarly, during its investigation, CCRB also found that although Gomez "testified before viewing the video that he did not observe his partner [Acosta] punch Mr. Lara while they were arresting him," it was "highly unlikely that PO Gomez would not have seen PO Acosta punch Mr. Lara given his close proximity at the time of the punch." Id. at D000027.

On February 9, 2012, CCRB referred its findings to the New York City Police Department ("NYPD") for a determination on its recommendation that Acosta and Gomez be

cited for making false official statements. Id. at D000151. The NYPD's Internal Affairs Bureau subsequently conducted an investigation of the CCRB recommendations that Acosta and Gomez be cited for making false official statements under Case # C12-0140. (Internal Affairs Bureau Investigative Findings, annexed to Desmond Decl. at Exhibit "C", Bates Stamp Nos. D000160 to D000166). Acosta was interviewed by IAB and "admitted that he did strike Mr. Lara" after watching the video and that "he did make contact with Mr. Lara during the aforementioned struggle but prior to watching the video he did not recall striking Mr. Lara." Id. at D000162.

## PROCEDURAL HISTORY

On September 27, 2013, plaintiff filed a First Amended Complaint in this action against the City of New York, Police Officer Felix Acosta and Police Officer Gomez. (First Amended Complaint, annexed to Desmond Decl. at Exhibit "D"). On May 1, 2014, pursuant to § 50-k(2) of the General Municipal Law, and after careful consideration of the facts and circumstances relating to the above-referenced action, including review of the CCRB findings and an independent review of the video, the City declined defendant P.O. Felix Acosta's ("Acosta's") request for representation. (Letter to Police Officer Felix Acosta dated May 1, 2012, annexed to Declaration of John W. Burns ("Burns Decl."), dated September 26, 2014, at Exhibit "2"). On the same day, the City also declined defendant Welinton Gomez's ("Gomez's") request for representation. (Letter to Welinton Gomez dated May 1, 2012, annexed to Declaration of Anthony J. DiFiore ("DiFiore Decl."), dated September 26, 2014, at Exhibit "B").

On July 25, 2014, based on IAB's decision not to pursue a disciplinary hearing against Acosta for making an official false statement per the recommendation of CCRB, counsel for Acosta requested that the City "reconsider" its denial to represent Acosta under General Municipal Law § 50-k. (Burns Decl., at Exhibit "4"). Gomez did not request that the City

reconsider its denial of his representation. On August 21, 2014, the City informed counsel yet again that it would not be representing Acosta in this litigation. (Burns Decl., at Exhibit "5").

## STANDARD OF REVIEW

The City is not obligated to represent or indemnify a city employee if the Office of the Corporation Counsel determines (1) that the officer was not acting in the scope of his employment, or (2) that the officer was clearly violating the rules and regulations of the agency. See N.Y. Gen. Mun. Law §§50-k(2); Polak v. City of Schenectady, 585 N.Y.S.2d 844 (N.Y. App. Div. 3rd Dep't 1992). The determination to represent an officer is "made in the first instance by the Corporation Counsel . . . and his determination may be set aside only if it lacks factual basis, and in that sense, is arbitrary and capricious." Banks v. Yokemick, 144 F. Supp. 2d 272, 278, 99 CV 10815 (VM) (S.D.N.Y. June 12, 2001)(quoting Williams v. New York, 476 N.E.2d 317, 318 (N.Y. 1985).

## ARGUMENT

### POINT I

**THE CITY'S DENIAL OF REPRESENTATION WAS NOT ARBITRARY AND CAPRICOUS**

New York General Municipal Law § 50-k "establishes the procedures that the City must follow when deciding whether to provide representation and indemnification to its employees." Banks v. Yokemick, 144 F. Supp. 2d at 278. General Municipal Law § 50-k(2) requires the City to:

> provide for the defense of any employee of any agency in any civil action or proceeding…arising out of any alleged act or omission which the corporation counsel finds occurred while the employee was acting within the scope of his public employment and in the discharge of his duties *and*

- 5 -

> *was not in violation of any rule or regulation of his agency* at the time the alleged act or omission occurred." (emphasis added.).

It is the duty of the Office of Corporation Counsel to determine if an employee's actions were within the scope of employment or in violation of agency regulations for purposes of representation. Williams v. New York, 476 N.E.2d 317 (N.Y. 1985); Bolusi v. City of New York, et al., 249 A.D.2d 134 (1st Dep't 1998).

The question of whether the City of New York correctly denied representation is one of law. See Banks, 214 F. Supp. 2d at 408; see also Williams v. City of New York, 476 N.E.2d at 318. Provisions addressing representation of a City employee in a legal matter are prescribed under New York General Municipal Law Sections 50k(2) and 50k(5). See Mercurio v. City, 592 F. Supp 1243, 1245 (E.D.N.Y. 1984)(citing N.Y. Gen. Mun. Law §§50-k(2),(5)), aff'd, 758 F.2d 862, 865 (2d Cir. 1985). Section 50-k(2), which describes the criteria for determining when an employee is entitled to legal representation by the City, provides that:

> At the request of the employee and upon compliance by the employee with the provisions of subdivision four of this section, the city shall provide for the defense of an employee of any agency in any civil action or proceeding in any state or federal court including actions under sections nineteen hundred eighty-one through nineteen hundred eighty-eight of title forty-two of the United States code arising out of any alleged act or omission which the corporation counsel finds occurred while the employee was acting within the scope of his public employment and in the discharge of his duties and was not in violation of any rule or regulation of his agency at the time the alleged act or omission occurred. This duty to provide for a defense shall not arise where such civil action or proceeding is brought by or on behalf of the city or state or an agency of either.

Gen. Mun. Law § 50-k(2) (2002). "The City may deny representation if the Corporation Counsel finds that an employee did not satisfy these prerequisites." Banks, 214 F. Supp. at 408.

New York State and federal courts have held that an investigative report provides the Corporation Counsel with a sound factual basis by which to deny an employee's request for representation. See, e.g., Vitucci v. City of New York, 272 A.D.2d 620, 620-621 (2d Dep't 2000) ("the report prepared by the Special Commissioner for Investigation for the New York City School District provided the Corporation Counsel with a sufficient factual basis to determine that the acts allegedly committed by the subject employee were not within the scope of his employment."); Ladalia v. New York, 1993 U.S. Dist. LEXIS 8142 (E.D.N.Y. June 2, 1993) ("Upon reviewing the report . . . the Corporation Counsel determined that Trapp failed to meet the requirements of section 50-k, presumably because Trapp's acts were not within the scope of his duties and were in violation of agency rules or regulations."). Under Section 50-k(2) of the General Municipal Law, the Corporation Counsel is not required to provide a defense to a City employee if it finds that the employee was in "violation of any rule or regulation of his agency at the time the alleged act or omission occurred." See Gen. Mum. Law § 50-k(2).

In the instant matter, representation was denied to defendants Acosta and Gomez because they violated NYPD rules and regulations. First, an allegation of force was substantiated by CCRB against Acosta in this case in connection with the underlying incident alleged in the complaint. Specifically, the CCRB investigation determined that Acosta "was unjustified for punching Mr. Lara in the face as he was being placed in handcuffs" and in violation of Patrol Guide § 203-11. (Desmond Decl., Exhibit "A" at D000013; NYPD Patrol Guide § 203-11, annexed to Desmond Decl. Exhibit "E" at D000029 to D000030). In support of its finding, CCRB cited and quoted New York City Patrol Guide Procedure § 203-11, which states that "all uniformed members of the service are responsible and accountable for the proper use of force under appropriate circumstances. All members of the service at the scene of a police

incident must use minimum necessary force." Id. As Acosta "could not provide an explanation to justify the punch," and because plaintiff "is seen in the video merely speaking to PO Acosta before he was punched," there is a basis in fact to find that Acosta violated NYPD Patrol Guide § 203-11.

Further, an independent review of the video by this office confirmed the findings of CCRB; namely, that at 12:33:33 of the "Policia 10-7-10" video, Acosta "pulls his right arm back and punches Mr. Lara on the left side of the face, possibly making additional contact with his elbow during the follow through of the punch." (Desmond Decl., Exhibit "A" at D000016). In addition, although Acosta "made a detailed entry in his memo book about Mr. Lara's resistance and also wrote a detailed narrative on Mr. Lara's arrest report," he and Gomez both failed to document anywhere in their memo books or prepare an unusual occurrence report as to Acosta striking plaintiff in the face. (Memo book entries of P.O. Acosta and P.O. Gomez, contained in Desmond Decl., Exhibit "F" at D000085 to D000088 and D000098 to D000099, respectively). As such, Acosta and Gomez are also in violation of NYPD Patrol Guide §§ 212-08 and 212-09. (Relevant portion of Patrol Guide § 212-08 and § 212-09, annexed to Desmond Decl. as Exhibit "E").

Finally, CCRB determined that both Acosta and Gomez had provided false official statements during its investigation by failing to inform the investigator that Acosta had struck plaintiff. Specifically, CCRB found that it "defies logic" that Acosta "would not remember whether he punched Mr. Lara in the face" but yet was able to provide to CCRB approximately two months after the incident "a detailed account of Mr. Lara's actions before and after he was placed under arrest, demonstrating that he had an independent recollection of this incident." (Desmond Decl., Exhibit "A" at page D000026). CCRB also concluded that although

Gomez "testified before viewing the video that he did not observe his partner [Acosta] punch Mr. Lara while they were arresting him," it was "highly unlikely that PO Gomez would not have seen PO Acosta punch Mr. Lara given his close proximity at the time of the punch." Id. at D000027. As such, CCRB recommended that both Acosta and Gomez be cited for violating NYPD Patrol Guide § 203-08. (NYPD Patrol Guide § 203-08, Desmond Decl., Exhibit "E" at page D000031). Based on these facts alone, the decision to deny Acosta and Gomez representation was based in fact.

Moreover, it is the Corporation Counsel, and not the New York City Police Department, "who has the duty under N.Y. Gen. Mun. Law § 50-k, to determine whether the whole range of acts or omission that are the subject of the court proceeding – and not just those involved in the agency's disciplinary charges – fall within the employee's scope of authority and do not violate internal rules." Banks, 144 F. Supp. 2d at 279. N.Y. Gen. Mun. Law § 50-k does not allow the Corporation Counsel's authority to be circumscribed by the scope of the charges an agency chooses to pursue against the officer. Id. at 277. In Banks, Officer Craig Yokemick was chasing plaintiff, who was riding his bicycle. Id. Officer Yokemick allegedly threw his radio at plaintiff and hit him in the head, causing him to fall off the bike. Plaintiff died as a result of the injuries. There, the Office of the Corporation Counsel declined to represent Officer Yokemick, and Yokemick moved to compel representation on the grounds that the charges against him for misuse of the radio had been dismissed, and that determination was an "exoneration" pursuant to N.Y. Gen. Mun. Law § 50-k(5). Id. The Court held that the Corporation Counsel's decision to decline representation was not arbitrary and capricious because, notwithstanding that the charges had been dismissed, there were other claims not addressed in the department's conclusion that could indicate that Yokemick had not been acting within the scope of his duties. Id. Moreover,

plaintiff's claims and the evidence on the record – both disputed and undisputed – provided a sufficient factual basis for the Corporation Counsel's decision independent of the department's findings. Id.

Like in Banks, here, IAB did not investigate nor did its conclusion address all of the allegations of wrongdoing against the officers as identified by CCRB and as alleged in the plaintiff's complaint. Specifically, IAB did not address the allegation that the officers used excessive force against plaintiff but rather focused solely on the false statement allegations. Moreover, even as to the allegations of false statements, IAB never exonerated defendants but rather found that the allegations were unsubstantiated due a lack of evidence.[1] Thus, Acosta's counsel's argument that representations should be based on IAB's findings is both unsupported by the case law and too narrowly focused.

The Corporation Counsel's decisions to deny Acosta and Gomez's requests for representation was not arbitrary and capricious because it was based on the CCRB investigative findings, the review of the video clearly depicting Acosta strike plaintiff in the face while Acosta and Gomez were holding him, and Acosta's admission to IAB that he did strike plaintiff in the face. This provided Corporation Counsel with a sound and sufficient factual basis to determine that their actions were in violation of agency regulations. Accordingly, the defendants' motion to compel representation should be denied.

---

[1] Indeed, if Acosta or Gomez *had* been subject to a disciplinary hearing, and such hearing resulted in a finding that they were in violation of an NYPD rule or regulation, that could certainly be a factor in Corporation Counsel's determination as to whether it would deny representation. But counsel in his motion papers falsely assumes that because Acosta and Gomez were not subjected to any disciplinary proceeding by NYPD, there cannot be a basis for Corporation Counsel to deny representation. But nowhere in § 50-k(2) does it state or imply the validity of such an assertion.

## POINT II

## ACOSTA AND GOMEZ'S MOTION SHOULD BE DENIED TO AVOID A POTENTIAL CONFLICT OF INTEREST

Defendants Acosta and Gomez's motion to compel representation should be denied to avoid a potential conflict of interest if the City were required to represent them. See Pitchell v. Callan, 13 F.3d 545 (2d Cir. 1993) (affirming dismissal of § 1983 and pendant state law claims against the municipality). The Corporation Counsel may not represent a City employee where a conflict of interests exists between the City and the employee. Mercurio v. City, 758 F.2d 862, 863 (2d Cir. 1985). "If such a conflict exists, as where the City maintains misconduct has occurred and the employee claims no misconduct was involved, the Corporation Counsel, whose primary function is to represent the City, cannot represent the individuals." Id., citing N.Y. Jud. Law (app.) Code of Prof. Resp. EC-5-15, DR 5-105 (McKinney 1975 & Supp. 1984). In Banks, several other police officers besides Police Officer Yokemick, were named as defendants. The Court there noted that the testimony of the officers at trial could be adverse to Yokemick's defense, creating a potential conflict of interest between the interests of the City and the individual defendants, and the interests of Officer Yokemick. Banks, citing Mercurio, 758 F.2d 862 at 864.

Both at trial and in a motion for summary judgment, it may be in the interest of the City and Officer Acosta, to argue that Officer Gomez was not acting in the scope of his employment, or conversely that the City and Officer Gomez to argue that Officer Acosta was not acting in the scope of his employment. For example, should a jury or Court determine that Officer Acosta was not acting under color of state law, plaintiff's federal claims against the City would be dismissed since a Monell claim must be based on a constitutional violation of its

employee. See Claudio v. Sawyer, 409 Fed. Appx. 464, 466 (2d Cir. 2011)(affirming dismissal of § 1988 claims against the City because plaintiff's complaint failed to sufficiently allege that the officer acted under color of state law).  In this case, the Corporation Counsel could not represent the interests of the City without prejudicing the interest of Officer Acosta and/or Officer Gomez, and vice versa.  For this reason, the Office of the Corporation should not be required to represent Officer Acosta and Officer Gomez in this matter.

## CONCLUSION

For the foregoing reasons, defendant City respectfully requests that this Court deny Acosta and Gomez's respective motions to compel representation on the basis that Corporation Counsel's decision to deny their representation had a basis in fact and was not arbitrary or capricious.

Dated:        October 1, 2014
                 New York, New York

ZACHARY W. CARTER
Corporation Counsel of the City of New York
*Attorney for Defendant City of New York*
100 Church Street, Room 3-198
New York, New York 10007
(212) 356-2370

By: _____
James F. Desmond, Jr.
Assistant Corporation Counsel
Special Federal Litigation Division

cc:    BY ECF
       John Burns, Esq.
       Longworth & London, LLP
       Attorneys for P.O. Felix Acosta
       111 John Street, Suite 640
       New York, New York 10038

       Christopher H. Fitzgerald, Esq.
       Attorney for Plaintiff
       233 Broadway – Suite 2348
       New York, New York 10279

       Anthony J. DiFiore, Esq.
       The Quinn Law Firm, PLLC
       Attorneys for Sgt. Welinton Gomez
       399 Knollwood Road, Suite 220
       White Plains, New York 10603