UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
RODNEY LARA,

                Plaintiff,

      -against-                                                  13 CV 6684 (DLC)

THE CITY OF NEW YORK, a municipal entity;
NEW YORK POLICE DEPARTMENT; POLICE
OFFICER ACOSTA, AND POLICE OFFICER GOMEZ
Of the 33rd Precinct.
                Defendants.

---------------------------------------------------------------X

**POLICE OFFICER FELIX ACOSTA'S REPLY MEMORANDUM OF LAW
IN FURTHER SUPPORT OF HIS MOTION TO COMPEL THE
CITY OF NEW YORK TO REPRESENT HIM PURSUANT TO
GENERAL MUNICIPAL LAW §50-K**

                                                    WORTH, LONGWORTH & LONDON, LLP
                                                    Attorneys for FELIX ACOSTA
                                                    111 John Street, Suite 640
                                                    New York, NY 10038
                                                    (212) 964-8038

*John W. Burns*
*Of Counsel*

## PRELIMINARY STATEMENT

As set forth below, the reason cited in the Defendant City of New York's ("City") Response in Opposition ("Op.Br.") ( See, ECF No.33) to Police Officer Felix Acosta's ("Acosta") Motion is legally insufficient to deny Acosta his statutory entitlement to legal representation pursuant to General Municipal Law ("G.M.L.") § 50-k. As such, the City's action is arbitrary and capricious, mandating this Court to issue an Order compelling the City to assume Acosta's legal representation.

In their Response in Opposition, the City cannot, and does not, dispute that Acosta's employer, the New York City Police Department ("N.Y.P.D"), rejected based on insufficient evidence the very finding they cite as the legal basis for the declination of representation, namely, the Civilian Complaint Review Board's ("C.C.R.B.") finding. Since the N.Y.P.D., not C.C.R.B., is the sole entity that may legally discipline a New York City police officer, the C.C.R.B.'s finding serves simply as a recommendation, without any binding effect. It follows then that the N.Y.P.D.'s rejection of that finding, based on insufficient evidence, is an "exoneration" within the meaning of § 50-k. Failure to represent Acosta under these circumstances violates the City's statutory obligation to him, and, as such, is arbitrary and capricious.

Moreover, the City's conflict of interest argument is unavailing. Even assuming *arguendo* that such conflict exists, the City is still statutorily obligated to represent Acosta under G.M.L. § 50-k. As set forth below, the City has established a mechanism to deal with this situation, namely, selection of conflict counsel from a panel of attorneys appointed for this purpose.

# ARGUMENT

## POINT I

### THE CITY HAS FAILED TO PRESENT A SUFFICIENT FACTUAL BASIS FOR DECLINING TO REPRESENT ACOSTA.

The reason cited for declining to represent Acosta, set forth for the first time in its Opposition papers, does not excuse the City from its statutory obligation. The City relies on the finding by C.C.R.B. that Acosta used unjustified force during the encounter with Plaintiff. (Op. Br.pgs.7&10) This finding, however, is simply a recommendation to Acosta's employer, the N.Y.P.D., and is not legally binding. Pursuant to the NYC Charter, only the Police Commissioner is empowered to impose formal discipline on police officers.

"Section 434 (a) of the New York City Charter provides: 'The [police] commissioner shall have cognizance and control of the government, administration, disposition and discipline of the department, and of the police force of the department' (emphasis added). New York City Administrative Code § 14-115 (a) provides that, in cases of police misconduct: 'The commissioner shall have power, in his or her discretion . . . to punish the offending party.' Though these two provisions are now New York City legislation, both were originally enacted as State statutes; the Charter provision was adopted by the State Legislature in 1897 (Ash, Greater New York Charter § 271 [1897]), and the Code provision in 1873 (L 1873, ch 335, §§ 41, 44). Thus, they reflect the policy of the State that police discipline in New York City is subject to the Commissioner's authority." *Patrolmen's Benevolent Association of the City of New York v. New York State Public Employment Relations Bd.*, 848 N.E.2d 448,449 (2006)

Section 18-A of the New York City Charter established the C.C.R.B. and sets forth its powers and responsibilities. While §440 (a) (1) of Section 18-A authorizes C.C.R.B. to "investigate" and make "findings," it has no power to discipline. "The findings and recommendations of the board, and the basis therefore, shall be submitted to the police commissioner." *Id*  Once submitted, the non-binding C.C.R.B. finding may, as here, be rejected by N.Y.P.D.

As set forth in Burns Dec. Exhibit 3, attachment Exhibit "A" of Acosta's Motion, N.Y.P.D. reviewed C.C.R.B.'s finding and determined the evidence gathered in the C.C.R.B. investigation was legally insufficient to commence a disciplinary proceeding. In rejecting C.C.R.B.'s finding, which it had an absolute legal basis to do, N.Y.P.D. declined to discipline Acosta. The failure to impose discipline is a final determination and serves as an exoneration for purposes of analysis under §50-k (5).

The fact that the N.Y.P.D., Acosta's employer, rejected C.C.R.B.'s finding and declined to discipline him is determinative here. While G.M.L. §50-k permits the City to make the initial determination whether or not to represent, here that discretion ended with the N.Y.P.D.'s final determination not to discipline. The case law cited by the City in its Response papers is distinguishable from the instant case and unpersuasive. In *Vitucci*, the Court determined that a report prepared by the Special Commissioner for Investigations for the New York City School District provided a factual basis for the City to determine that the subject employee of the New York City Board of Education was not acting in the scope of his employment. Whether or not that report was binding on petitioner's employer is irrelevant to the instant analysis. (*See, Vitucci v. City of New York*, 272 A.D.2d 620 (2nd Dept.2000)) Here, the authority to discipline a N.Y.P.D. officer rests

3

solely with the Police Commissioner and the outside agency's finding (C.C.R.B.) is merely a recommendation. In *Ladalia v. New York*, 1993 U.S. Dist. LEXIS 8142 (E.D.N.Y. June 2, 1993), the Equal Employment Opportunity Office of the New York City Department of Corrections, a unit of the employer of the subject employee, prepared the report relied upon and thus was not an outside agency as C.C.R.B. is here.

Three recent United States District Court cases that this firm has been involved in contradict the City's continued declination. In each of these cases, the City initially declined to represent any individually named police officer but once the I.A.B. or C.C.R.B. investigation was concluded with no administrative charges being filed or discipline being imposed, they assumed representation.

See, *Arredondo, et al v. The City of New York, et al*, 10 cv 4828 (EDNY) ECF No.53)(plaintiffs alleged that numerous police officers demanded and/or took money from them during their arrest processing, which was investigated by I.A.B.); See, *Torres v. The City of New York*, et al, 12 cv 4732 (EDNY) ECF No. 31 (I.A.B. investigated plaintiff's allegations of false arrest, malicious prosecution and excessive force); See also, *Mahoney v. The City of New York, et al*, 12 cv 6117 (SDNY) ECF No.20 and Consent Order granting substitution of attorney, dated June 14, 2013 (I.A.B. and C.C.R.B. investigated plaintiff inmate's allegation of assault by a police officer).

The City's has failed to set forth a factual basis for declining to represent Acosta. In the absence of a factual basis, as here, the City's determination must be set aside as arbitrary and capricious and the Court should order the City to assume Acosta's representation pursuant to G.M.L. §50-k.

## POINT II

## THERE IS NO MERIT TO THE CITY'S CLAIM THAT REPRESENATION OF ACOSTA WOULD BE A CONFLICT OF INTEREST.

In its Opposition to Acosta's Motion for Representation, the City has failed to set forth any facts to support its argument that a conflict of interest exists between the City and Acosta. Their argument should be rejected on that basis alone. Even assuming *arguendo* that a potential conflict does exist, the City should be mandated to provide conflict counsel to Acosta, consistent with their obligation to represent him pursuant to G.M.L. § 50-k.

It has long been established in this Circuit that potential conflicts of interest are inherent in §1983 cases. (*See, Dunton v. Suffolk County*, 729 F.2d 903(2d Cir. 1984)) However, the Second Circuit has also been careful to point out that joint employee-municipality representation is not a *per se* conflict and the existence of a conflict must be determined on a case by case basis. *Patterson v. Balsamico*, 440 F. 3d 104 (2d Cir. 2006).

Here, the City does not set forth a single fact to supports its contention that a conflict of interest exists between Acosta and the City. It appears the sole basis for this argument is that because Acosta violated N.Y.P.D. rules and regulations, he was therefore acting outside the scope of his employment. As set forth above, Acosta's employer, N.Y.P.D., rejected that finding, explicitly declining to discipline him. At all times relevant to this action, Acosta was acting in his capacity as a police officer under color of law.

In the absence of compelling evidence of an actual conflict, the Court should reject the City's argument in its entirety. Even assuming *arguendo* that a potential

5

conflict does exist, the City should be required to provide Acosta with conflict counsel. There are numerous cases where the City has, in fact, provided conflict counsel for an employee consistent with its obligation to provide representation to an officer pursuant to G.M.L. §50-k.

In such cases, the City has a panel of conflict attorneys that they select for representation. At a bare minimum, the City should be required to show cause why a conflict exists and, if so, why representation should not be assigned to a conflict attorney on the Law Department's conflict panel.

## CONCLUSION

For the reasons set out in his Memorandum of Law in Support of his motion and the forgoing reasons set out in this Reply Memorandum of Law, Defendant Acosta respectfully requests the Court enter an Order pursuant to General Municipal Law §50-k requiring the Corporation Counsel of the City of New York to assume representation of Acosta for all purposes.

Dated: New York, New York
October 2, 2014

                                        Respectfully Submitted,
                                        Worth, Longworth & London, LLP
                                        *Attorneys for Defendant Acosta*
                                        111 John Street, Suite 640
                                        New York, NY 10038
                                        (212) 964-8038

                                        By: _____/s/_____
                                        JOHN W. BURNS (JB 1072)

John W. Burns
*Of Counsel*