```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                                         :
RODNEY LARA,                             :
                                         :     13cv6684 (DLC)
                     Plaintiff,          :
                                         :     MEMORANDUM
          -v-                            :     OPINION AND ORDER
                                         :
THE CITY OF NEW YORK, a municipal        :
entity; NEW YORK POLICE DEPARTMENT;      :
POLICE OFFICER ACOSTA, and POLICE        :
OFFICER GOMEZ of the 33rd Precinct;      :
                                         :
                     Defendants.         :
                                         :
-----------------------------------------X
```

DENISE COTE, District Judge:

On September 27, 2013, the plaintiff filed the First Amended Complaint in this action against the City of New York ("City"), Police Officer Felix Acosta ("Acosta"), and Police Officer Welinton Gomez ("Gomez") under 42 U.S.C. § 1983 and a number of state law grounds.  The alleged facts underlying the complaint are that on October 7, 2010, Acosta and Gomez used excessive force and falsely arrested plaintiff in retaliation for a previous complaint made about Acosta and Gomez to the New York Police Department's ("NYPD") Internal Affairs Bureau ("IAB").  There is a video of the incident.  The video shows Acosta punching plaintiff in the face.

Following the incident, the Civilian Complaint Review Board ("CCRB") conducted an investigation.  In December 2011, the CCRB found that the use of excessive force by Acosta was "substantiated" and that Acosta and Gomez should be cited for

"other misconduct" because they made false statements to the CCRB during its investigation.  The CCRB referred the finding that Acosta and Gomez had made false statements to the IAB.  An investigation conducted by IAB resulted in a recommendation on August 21, 2012 to "unsubstantiate the false statement allegations" and close the case.

On May 1, 2014, pursuant to § 50-k(2) of the General Municipal Law, the City declined to defend both Acosta and Gomez.  Section 50-k(2) provides that:

> At the request of the employee . . . the city shall provide for the defense of an employee of any agency in any civil action or proceeding in any state or federal court including [Section 1983] . . . arising out of any alleged act or omission which the corporation counsel finds occurred while the employee was acting within the scope of his public employment and in the discharge of his duties and was not in violation of any rule or regulation of his agency at the time the alleged act or omission occurred.

The City declined to represent Acosta and Gomez on the ground that the City "cannot make the requisite findings under Section 50-k(2) . . . ."

Following the receipt of a copy of the IAB report, Acosta requested that the City reconsider its decision not to represent Acosta.  The City rejected that request on August 21.  On September 26, Acosta and Gomez separately brought motions to compel the City to provide representation.  For the reasons stated below, these motions are denied.

The decision of whether or not the employee was acting in

the scope of employment or in violation of agency regulations, and is thus entitled to representation, is made by the Office of Corporation Counsel.  <u>Williams v. City of New York</u>, 64 N.Y.2d 800, 802 (1985).  The decision may be set aside only if it is arbitrary and capricious.  <u>Id</u>.  The alleged act in this case is the use of excessive force against, and the false arrest of, the plaintiff.  Upon review of the record presented, including the video of the incident, the Court is satisfied that the decision of the Office of Corporation Counsel was not arbitrary and capricious.

Acosta contends that the IAB's decision to close the case is an "exoneration" and requires the City to represent him.  In making this argument, he relies on General Municipal Law § 50-k(5).  Section 50-k(5) provides that:

> In the event that the act or omission upon which the court proceeding against the employee is based was or is also the basis of a disciplinary proceeding by the employee's agency against the employee, representation by the corporation counsel and indemnification by the city may be withheld (a) until such disciplinary proceeding has been resolved and (b) unless the resolution of the disciplinary proceeding exonerated the employee as to such act or omission.

The act that is the subject of the lawsuit is the alleged use of excessive force and false arrest.  There has been no disciplinary proceeding held to address these charges.  The Police Department declined to pursue disciplinary proceedings.  As a consequence, there has been no exoneration of Acosta and Gomez through disciplinary proceedings.  Moreover, read with care, the IAB

3

decision does not address the "act or omission" at issue in this lawsuit.  The acts alleged in this lawsuit are the use of excessive force and false arrest.  The only IAB decision submitted in this case rejected the CCRB's finding that Acosta and Gomez had made false statements to the CCRB.

### CONCLUSION

For the reasons stated above, both September 26 motions to compel representation are denied.

Dated:   New York, New York
         October 22, 2014

```
                              _____
                                    DENISE COTE
                              United States District Judge
```