UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

RODNEY LARA,                                                              13-CV-6684 (DLC)

                          Plaintiff,

      -against-


THE CITY OF NEW YORK, a municipal                     ORAL ARGUMENT
entity; NEW YORK CITY POLICE DEPARTMENT;    REQUESTED
POLICE OFFICER ACOSTA, and POLICE
OFFICER GOMEZ of the 33rd Precinct;

                    Defendants.
------------------------------------------------------------------X


**DEFENDANT NEW YORK CITY POLICE OFFICER FELIX ACOSTA'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION FOR RECONSIDERATION OF THE COURT'S MEMORANDUM OPINION AND ORDER, DATED OCTOBER 22, 2014, DENYING DEFENDANT NEW YORK CITY POLICE OFFICER ACOSTA'S MOTION TO COMPEL DEFENDANT CITY OF NEW YORK TO PROVIDE STATUTORY REPRESNTATION PURSUANT TO GENERAL MUNICIPAL LAW SECTION 50-K**


                                          WORTH, LONGWORTH & LONDON, LLP
                                          Attorneys for Police Officer FELIX ACOSTA
                                          111 John Street, Suite 640
                                          New York, NY 10038
                                          (212) 964-8038


*Mitchell Garber*
*Of Counsel*

**PRELIMINARY STATEMENT**

Defendant New York City Police Officer Felix Acosta ("Acosta") respectfully submits this memorandum of law in support of his motion for reconsideration, pursuant to Local Civil Rule 6.3, of the Court's Memorandum Opinion and Order dated October 22, 2014 ("Order"), denying Acosta's Motion to Compel Defendant City of New York to Provide Statutory Representation Pursuant to General Municipal Law Section 50-k.

Acosta respectfully submits that in determining that the City's declination of representation was not arbitrary and capricious because the NYPD Internal Affairs Bureau's ("IAB") decision "did not address the act or omission" at issue, the Court's Order overlooked that the NYPD, through the Department Advocate's Office ("DAO"), did indeed consider the Civilian Complaint Review Board's ("CCRB") decision to substantiate an allegation of Excessive force, and determined that Acosta did not commit Excessive Force in violation of NYPD rules, regulations, by deciding not to charge him.

For the statute to be valid, the decision by the DAO must be an "exoneration," pursuant to General Municipal Law § 50-k (5), and, under these unique circumstances, the City's declination is arbitrary and capricious.

**STANDARD FOR RECONSIDERATION PURSUANT TO LOCAL RULE 6.3**

A motion for reconsideration is proper when "the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Copeland v. Rosen, 196 F.R.D. 20, 21 (S.D.N.Y. 2000).  Pursuant to Local Rule 6.3 the Court may reconsider a prior to "correct a clear error or prevent manifest injustice." Banco de

1

Seguros Del Estado v. Mut. Marine Offices, Inc., 230 F. Supp. 2d 427, 428 (S.D.N.Y. 2002).

## ARGUMENT

### POINT I.

### THE NYPD DID CONSIDER AND REJECT THE ALLEGATION THAT OFFICER ACOSTA COMMITTTED EXCESSIVE FORCE.

It is respectfully submitted that the Court overlooked the fact that the NYPD, through its DAO, considered and rejected the CCRB's determination that Acosta committed excessive force, determining that the evidence was insufficient to find a violation of department rules on that basis.

One of the two conclusions the Court reached in denying Acosta's motion for representation was that the IAB report only addressed whether Acosta made a false statement, and did not address whether Acosta committed excessive force during his interaction with Plaintiff.  (*See,* ECF Document # 39 at pg. 4 "Moreover, read with care, the IAB decision does not address the "act or omission" at issue in this lawsuit. The acts alleged in this lawsuit are the use of excessive force and false arrest. The only IAB decision submitted in this case rejected the CCRB's finding that Acosta and Gomez had made false statements to the CCRB.")  However, the NYPD, through its DAO, did in fact consider and reject the notion that Acosta committed excessive force.  At the time of the incident, the CCRB did not have the power to unilaterally proffer NYPD Disciplinary Charges and Specifications, when its investigations substantiated an allegation of misconduct. Its only power, at the time, was to investigate allegations of misconduct

against New York City Police Officers, and make recommendations regarding discipline to the NYPD. The ultimate determination of whether a New York City Police Officer committed misconduct rested with the NYPD DAO.

In the case at bar, it is undisputed that the CCRB recommended that Acosta be charged with excessive force. However, it is also undisputed that the DAO considered this recommendation and chose not to charge Acosta with excessive force. In other words, the NYPD considered and rejected the CCRB's conclusion that Acosta violated department rules by using excessive force during his interaction with Plaintiff. Therefore, even assuming *arguendo* the NYPD's investigatory arm, the IAB, "did not address, the act or omission at issue in his lawsuit (the excessive force)," the NYPD's prosecutorial arm, the DAO, did indeed consider and reject the notion that Acosta committed excessive force. It is respectfully submitted that Defendant City of New York's reliance on the CCRB's decision to decline to represent Acosta, when the NYPD itself considered and rejected CCRB's investigative determination, is arbitrary and capricious and inconsistent with General Municipal Law § 50-k.

### POINT II.

### THE NYPD'S DECISION NOT TO CHARGE ACOSTA WITH EXCESSIVE FORCE DOES AMOUNT TO AN EXONERATION FOR PURPOSES OF GENERAL MUNICIPAL LAW § 50-K.

It is respectfully submitted that the Court overlooked the fact that the NYPD's decision not to charge Acosta with excessive force must be considered an "exoneration," within the meaning of General Municipal Law §50-k (5). To determine otherwise would effectively render the statute meaningless.

The second conclusion the Court reached in denying Acosta's motion for representation was that Acosta was not "exonerated," by the NYPD of committing excessive force because the NYPD chose not to charge him with excessive force in the first place (See, ECF Document # 39 at pg. 3, "There has been no disciplinary proceeding held to address these charges.  The Police Department declined to pursue disciplinary proceedings.  As a consequence, there has been no exoneration of Acosta and Gomez through disciplinary proceedings.").

In so determining, the Court, respectfully,  is applying an unduly restrictive interpretation of the term "exonerated," in the context of NYPD discipline and General Municipal Law § 50-k.  At the outset it is worth noting that it is beyond dispute that Defendant City of New York has interpreted the term "exonerated," more broadly than the Court does.  Defendant City of New York has routinely represented New York City Police Officers when the CCRB or IAB have merely "unsubstantiated," and not "exonerated" the officers regarding allegations of misconduct.  Therefore by its actions, Defendant City of New York, has taken that position that when there is insufficient evidence to conclude that a New York City Police Officer has committed misconduct, this amounts to an exoneration for purposes of representation pursuant to General Municipal Law §50-k.  By this same action Defendant City of New York has interpreted the term "disciplinary proceeding" to be broad enough to include an investigation by the Internal Affairs Bureau.[1]

---

[1] General Municipal Law § 50-k (5), "In the event that the act or omission upon which the court proceeding against the employee is based was or is also the basis of a **disciplinary proceeding** by the employee's agency against the employee, representation by the corporation counsel and indemnification by the city may be withheld (a) until such disciplinary proceeding has been resolved and (b) unless the resolution of the disciplinary proceeding **exonerated** the employee as to such act or omission. (emphasis added)"

The Court's restrictive interpretation of the term "exonerated," effectively renders General Municipal Law §50-k (5) meaningless. If the decision not to charge a Police Officer with misconduct does not amount to an "exoneration" under General Municipal Law § 50-k, then it would create a bizarre scenario wherein it would be better for the Officer if the NYPD did in fact charge him with misconduct, so he could pursue a not-guilty verdict in the NYPD trial room, than if the NYPD determined that the Officer did not commit misconduct and declined to charge him. Applying the Court's logic, notwithstanding the fact that in both scenarios the NYPD has determined no misconduct occurred, the officer would be entitled to representation in the former scenario, but not in the latter. This is precisely the situation presented in the case at bar. Applying the Court's logic, it would have been better for Acosta if he had been charged with committing excessive force, so he could have pursued a not-guilty verdict in the NYPD trial room entitling him to representation pursuant to General Municipal Law § 50-k. Essentially, Acosta was disadvantaged by the fact that the NYPD decided not to charge him with misconduct. It is respectfully submitted that this is manifestly unjust and the Court should therefore reconsider its decision denying Acosta's motion for representation.

## **CONCLUSION**

For the foregoing reasons, Defendant New York City Police Officer Felix Acosta, respectfully requests that the Court reconsider its Memorandum Opinion and Order denying Acosta's Motion to Compel Defendant City of New York to Provide Statutory

Representation Pursuant to General Municipal Law §50-k, and such other and further relief as the Court deems just and proper.

Dated: New York, NY
November 4, 2014

                Yours etc.

                WORTH, LONGWORTH & LONDON, LLP
*Attorneys for Defendant Police Officer Felix Acosta*
111 John Street, Suite 640
New York, NY 10038
(212) 964-8038

By: _____/s/_____
     Mitchell Garber (MG 6652)

TO: **VIA ECF**

James F. Desmond, Jr.
Assistant Corporation Counsel
*Attorney for Defendant City of New York, et al.*
100 Church Street
New York, N.Y. 10007

Christopher H. Fitzgerald, Esq.
*Attorney for Plaintiff Rodney Lara*
233 Broadway, Suite 2348
New York, NY 10279

Anthony Difiore
The Quinn Law Firm, PLLC
*Attorney for Defendant Sgt. Gomez*
399 Knollwood Road, Suite 220
White Plains, NY 10603