UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------- x

RODNEY LARA,

                                Plaintiff,

                    -against-

THE CITY OF NEW YORK, a municipal entity; NEW YORK POLICE DEPARTMENT; POLICE OFFICER ACOSTA, and POLICE OFFICER GOMEZ of the 33rd Precinct,

                              Defendants.

----------------------------------------------------------------------- x

**STIPULATION OF SETTLEMENT**

13 CV 6684 (DLC)

11/14/2014

WHEREAS, plaintiff commenced this action by filing a complaint on or about September 20, 2013 and a first amended complaint on or about September 27, 2013 alleging that the defendants violated his federal civil and state common law rights;

WHEREAS, defendants deny any and all liability arising out of plaintiff's allegations;

WHEREAS, the parties now desire to resolve the issues raised in this litigation, without further proceedings and without admitting any fault or liability;

WHEREAS, plaintiff has authorized his counsel to settle this matter on the terms enumerated below; and

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned, as follows:

1. The above-referenced action is hereby dismissed against defendants, with prejudice, and without costs, expenses, or attorneys' fees in except as specified in paragraph "2" below.

2. Defendant City of New York hereby agrees to pay plaintiff RODNEY LARA the sum of Ten Thousand ($10,000) Dollars in full satisfaction of all claims, including claims for costs, expenses and attorneys' fees. In consideration for the payment of this sum, plaintiff agrees to the dismissal, with prejudice, of all the claims against defendants City of New York, Police Officer Felix Acosta and Sergeant Welinton Gomez, and to release the defendants and any present or former employees and agents of the City of New York, or any entity represented by the Office of the Corporation Counsel, from any and all liability, claims, or rights of action alleging a violation of plaintiff's civil rights and any and all related state law claims, from the beginning of the world to the date of the General Release, including claims for costs, expenses, and attorneys' fees.

3. Plaintiff shall execute and deliver to defendant City of New York's attorney all documents necessary to effect this settlement, including, without limitation, a General Release based on the terms of paragraph 2 above and an Affidavit of Status of Liens. Prior to tendering the requisite documents to effect this settlement, Medicare-recipient plaintiffs must obtain and submit a final demand letter from Medicare for the reimbursement of any conditional payments made by Medicare for any injury or condition that is the subject of this lawsuit. A Medicare Set-Aside Trust may also be required if future anticipated medical costs are found to be necessary pursuant to 42 U.S.C. §1395y(b) and 42 C.F.R. §§411.22 through 411.26.

4. Nothing contained herein shall be deemed to be an admission by the defendants that they in any manner or way violated plaintiff's rights, or the rights of any other

person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the United States, the State of New York, or the City of New York or any other rules, regulations or bylaws of any department or subdivision of the City of New York. This stipulation shall not be admissible in, nor is it related to, any other litigation or settlement negotiations, except to enforce the terms of this agreement.

    5. Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York or any agency thereof.

    6. Plaintiff agrees to hold harmless defendants City of New York, Police Officer Felix Acosta and Sergeant Welinton Gomez regarding any liens or past and/or future Medicare payments, presently known or unknown in connection with this matter. If conditional and/or future anticipated Medicare payments have not been satisfied, defendants reserve the right to issue a multiparty settlement check, naming Medicare as a payee or to issue a check to Medicare directly based upon Medicare's final demand letter.

    7. Defendants City of New York, Police Officer Felix Acosta and Sergeant Welinton Gomez agree to withdraw their respective cross-claims asserted as to and against each other in this litigation.

[THE REST OF THIS PAGE HAS BEEN INTENTIONALLY LEFT BLANK]

8. This Stipulation contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation regarding the subject matter of the instant proceeding shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

Dated: New York, New York
       11/13         , 2014

Christopher H. Fitzgerald, Esq.　　　　　　ZACHARY W. CARTER
*Attorney for Plaintiff*　　　　　　　　　　Corporation Counsel of the City of New York
233 Broadway – Suite 2348　　　　　　　　*Attorney for Defendant City of New York*
New York, New York 10279　　　　　　　　100 Church Street
　　　　　　　　　　　　　　　　　　　　New York, New York 10007
　　　　　　　　　　　　　　　　　　　　(212) 356-2370

By: _____　　　　　　By: _____
　　Christopher H. Fitzgerald, Esq.　　　　　James P. Desmond, Jr.
　　　　　　　　　　　　　　　　　　　　*Assistant Corporation Counsel*


Worth, Longworth & London, LLP　　　　　The Quinn Law Firm, PLLC
*Attorneys for Defendant Felix Acosta*　　 *Attorneys for Defendant Welinton Gomez*
111 John Street, Suite 640　　　　　　　　399 Knollwood Road, Suite 220
New York, New York 10038　　　　　　　　White Plains, New York 10603

By: _____　　　　　　By: _____
　　John Burns, Esq.　　　　　　　　　　　Anthony J. DiFiore, Esq.

　　　　　　　　　　　　　　　　　　　　So ordered.
　　　　　　　　　　　　　　　　　　　　/s/ Denise Cote
　　　　　　　　　　　　　　　　　　　　Nov. 14, 2014

4